UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Diego C., | Civ. No. 26-1042 (PAM/LIB) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Pamela Bondi, Attorney General; Kristi Noem, Secretary, U.S. Department of Homeland Security; Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; Immigration and Customs Enforcement; Daren K. Margolin, Director for Executive Office of Immigration Review; Executive Office for Immigration Review; and David Easterwood, St. Paul Field Office Immigration and Customs Enforcement, | |
| Respondents. | |

---

This matter is before the Court on Petitioner Diego C.'s Petition for Writ of Habeas Corpus. ("Pet." (Docket No. 1).) For the following reasons, the Court denies the petition.

**BACKGROUND**

Petitioner Diego C. is a citizen of Ecuador. (Id. ¶¶ 7, 12.) The petition is silent as to his entrance into the United States, indicating only that he "has been residing in the United States for at least two years." (Id. ¶ 28.) Respondents submitted a Form I-213, Record of Deportable/Inadmissible Alien, which specifies that Petitioner entered the United States without inspection on October 7, 2023, near Calexico, California, and shortly

thereafter, United States Border Patrol apprehended him, and he admitted to being in the United States illegally.  (Docket No. 5-1 at 2.)  After screening and interviewing him, Border Patrol agents processed Petitioner for expedited removal.  (Id.)  He underwent a credible fear interview with United States Citizenship and Immigration Services, and an asylum officer found that Petitioner did not have a credible fear of returning to Ecuador.  (Docket No. 5 at 2.)  Petitioner was released on an order of his own recognizance.  (Id.)

On February 4, 2026, Respondents issued a Form I-200 Warrant for Arrest of Alien and apprehended Petitioner, and he remains in ICE custody.  (Id.; Pet. ¶ 34.)

**DISCUSSION**

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, asking the Court to order his immediate release or grant him an individualized bond hearing under 8 U.S.C. § 1226(a).  Respondents contend that his detention is mandatory pending removal proceedings under § 1225(b)(1).  The Court must therefore decide whether § 1225(b)(1) or § 1226(a) governs Petitioner's detention.

"When interpreting a statute, [courts] begin with the statute's plain language, giving words the meaning that proper grammar and usage would assign them.  If the intent of Congress can be clearly discerned from the statute's language, the judicial inquiry must end."  United States v. Lester, 92 F.4th 740, 742 (8th Cir. 2024) (cleaned up).  Section 1225(a)(1) dictates that "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .) shall be deemed for purposes of this chapter an applicant for admission."  The Supreme Court of the United States has determined that "[a]n alien who tries to enter the

2

country illegally is treated as an 'applicant for admission,' and an alien who is detained

shortly after unlawful entry cannot be said to have effected an entry." Dep't of Homeland

Sec. v. Thuraissigiam, 591 U.S. 103, 140 (2020) (internal citation and quotations omitted).

Section 1225(b)(1)(A)(i) dictates that "arriving aliens" and other aliens "initially

determined to be inadmissible due to fraud, misrepresentation, or lack of valid

documentation" by an immigration officer are to be ordered "removed from the United

States without further hearing or review unless the alien indicates either an intention to

apply for asylum . . . or a fear of persecution." "Aliens who claim such fear 'shall be

detained pending a final determination of credible fear of persecution and, if found not to

have such a fear, until removed.'" Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S.

103, 111 (2020) (quoting 8 U.S.C. § 1225(b)(1)(B)(iii)(IV)). "Read most naturally,

§§ 1225(b)(1) and (b)(2) mandate detention of applicants for admission until certain

proceedings have concluded." Jennings v. Rodriguez, 583 U.S. 281, 297 (2018). "And

neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings." Id.

There is no dispute that Petitioner is an alien present in the United States. The record

is clear that Petitioner was detained as an "arriving alien" shortly after his entry into

California and processed for expedited removal under § 1225(b)(1) after it was determined

that he did not have a credible fear of returning to Ecuador.[1]  Petitioner provides no facts

indicating that anything has altered that determination that he is subject to expedited

removal proceedings.  Petitioner fails to address Respondents' argument that he is subject

to detention under § 1225(b)(1), instead misapprehending that Respondents advocate for

his detention under § 1225(b)(2).  Petitioner provides no facts in support of his argument

that he should be classified under § 1226(a)(2).  To the contrary, the petition concedes that

arriving aliens are subject to detention under § 1225(b)(1).  (See, e.g., Pet. ¶¶ 44–53.)

The statute's plain meaning prevails.  Respondents may lawfully detain Petitioner

under § 1225(b)(1), pending his removal from the United States.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1.      The Petition (Docket No. 1) is **DENIED**; and

2.      This action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 22, 2026                                          s/ Paul A. Magnuson
                                                                                   Paul A. Magnuson
                                                                                   United States District Court Judge

---

[1] Although Petitioner initially expressed fear to return to Ecuador, he did not file an application for asylum.  If he had done so, such would not bear on the outcome of this matter because even "[i]f actively 'seeking admission' is a distinct requirement for mandatory detention pursuant to § 1225, seeking asylum is 'seeking admission,' within the meaning of the statute, since 'admission' is defined in terms of 'lawful' status, 8 U.S.C. § 1101(a)(13)(A), not physical presence on U.S. soil." Chen v. Almodovar, No. 1:25-CV-8350-MKV, 2025 WL 3484855, *6 (S.D.N.Y. Dec. 4, 2025).